|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

UNITED STATES OF AMERICA,  )
                           )
         Plaintiff,        )
                           )
    v.                     )   2:11-CV-647-ECR (CWH)
                           )
$43,473.41 IN UNITED STATES CURRENCY, )
                           )
         Defendant.        )

**DEFAULT JUDGMENT OF FORFEITURE**

The United States filed a verified Redacted Complaint for Forfeiture in Rem on May 12, 2011. Redacted Complaint Docket, ECF No. 8. The Complaint (ECF No. 8) alleges the defendant property:

    a.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 641, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(D), or a conspiracy to commit such offenses, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C);

    b.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1028, or a conspiracy to commit such offenses, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C);

    c.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1029, or a conspiracy to commit such offenses, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C);

    d.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1341, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C);

    e.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B),

1         or a conspiracy to commit such offenses, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C);

3     f.     was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956, or is property traceable to such property, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A); and

6     g.     was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1957, or is property traceable to such property, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

It appearing that process was fully issued in this action and returned according to law;

On May 2, 2011, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice (ECF No. 4) and issued the Summons and Warrant of Arrest in Rem (ECF No. 5).

Pursuant to the Order (ECF No. 4), the Complaint (ECF No. 8), the Order (ECF No. 4), the Summons and Warrant (ECF No. 5), and the Notice of Complaint for Forfeiture were served on the defendant property (Notice of Filing Service of Process ("NFSP"), ECF No. 18, p. 2-25.), and the Notice was published according to law (Amended Notice of Filing Proof of Publication, ECF No. 15). All persons interested in the defendant property were required to file their claims with the Clerk of the Court within 60 days after the first day of publication on www.foreiture.gov or within 35 days of actual notice of this action, as applicable, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims. NFSP, ECF No. 18, 19, 20.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from May 7, 2011, through June 5, 2011. Amended Notice of Filing Proof of Publication, ECF No. 15, p. 1-4.

On May 23, 2011, the Department of the United States Treasury, Internal Revenue Service served Samantha Carrillo with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by personal service. NFSP, ECF No. 18, p. 26-49.

1       On May 23, 2011, the Department of the United States Treasury, Internal Revenue Service
2 served Efrain Garcia with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for
3 the Property, and the Notice by regular mail and certified mail. NFSP, ECF No. 18, p. 50-75.

4       On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service
5 served Efrain Garcia c/o Attorney Alex Mendoza with the Complaint, the Order, the Summons and
6 Warrant of Arrest in Rem for the Property, and the Notice by regular mail and certified mail. NFSP,
7 ECF No. 18, p. 76-101.

8       On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service
9 served Eloy Garcia with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the
10 Property, and the Notice by personal service. NFSP, ECF No. 19, p. 2-25.

11       On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service
12 served Eloy Garcia c/o Attorney Randall Roske with the Complaint, the Order, the Summons and
13 Warrant of Arrest in Rem for the Property, and the Notice by personal service. NFSP, ECF No. 19, p.
14 26-49.

15       On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service
16 served Eloy Garcia-Macias with the Complaint, the Order, the Summons and Warrant of Arrest in Rem
17 for the Property, and the Notice by regular mail and certified mail. NFSP, ECF No. 19, p. 50-75.

18       On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service
19 served Francisco Garcia with the Complaint, the Order, the Summons and Warrant of Arrest in Rem
20 for the Property, and the Notice by personal service. NFSP, ECF No. 19, p. 76-99.

21       On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service
22 served Francisco Garcia c/o Attorney Gabriel Grasso with the Complaint, the Order, the Summons and
23 Warrant of Arrest in Rem for the Property, and the Notice by personal service. NFSP, ECF No. 19, p.
24 100-123.

25 . . .

26 . . .

1  On July 20, 2011, the Department of the United States Treasury, Internal Revenue Service
2  served Nabor Garcia with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for
3  the Property, and the Notice by personal service. NFSP, ECF No. 19, p. 124-147.

4  On July 20, 2011, the Department of the United States Treasury, Internal Revenue Service
5  served Nabor Garcia c/o Attorney Jonathan Powell with the Complaint, the Order, the Summons and
6  Warrant of Arrest in Rem for the Property, and the Notice by personal service. NFSP, ECF No. 19, p.
7  148-171.

8  On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service
9  served Ramiro Garcia with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for
10 the Property, and the Notice by regular mail and certified mail. NFSP, ECF No. 19, p. 172-198.

11 On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service
12 served Paola Moreno with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for
13 the Property, and the Notice by regular mail and certified mail. NFSP, ECF No. 20, p. 2-28.

14 On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service
15 served Yolanda Garcia with the Complaint, the Order, the Summons and Warrant of Arrest in Rem
16 for the Property, and the Notice by regular mail and certified mail. NFSP, ECF No. 20, p. 29-55.

17 On May 23, 2011, the Department of the United States Treasury, Internal Revenue Service
18 served Tom Susich, Counsel for Department of Employment, Training, and Rehabilitation with the
19 Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice
20 by personal service. NFSP, ECF No. 20, p. 56-79.

21 On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service
22 served Larry Mosely, Director of Department of Employment, Training, and Rehabilitation with the
23 Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice
24 by personal service. NFSP, ECF No. 20, p. 81-104.

25 On May 23, 2011, the Department of the United States Treasury, Internal Revenue Service
26 served Larry Mosely, Director of Department of Employment, Training, and Rehabilitation with the

Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by personal service. NFSP, ECF No. 20, p. 105-128.

On May 23, 2011, the Department of the United States Treasury, Internal Revenue Service served Department of Employment, Training, and Rehabilitation with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by personal service. NFSP, ECF No. 20, p. 129-152.

On May 18, 2011, the Department of the United States Treasury, Internal Revenue Service served Department of Employment, Training, and Rehabilitation with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by personal service. NFSP, ECF No. 20, p. 153-176.

On May 23, 2011, the Department of the United States Treasury, Internal Revenue Service served the Nevada Attorney General's Office with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by personal service. NFSP, ECF No. 20, p. 177-200.

On May 23, 2011, the Department of the United States Treasury, Internal Revenue Service served Brian Sandoval, Governor of the State of Nevada with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by personal service. NFSP, ECF No. 20, p. 201-224.

On May 23, 2011, the Department of the United States Treasury, Internal Revenue Service served the State of Nevada with the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by personal service. NFSP, ECF No. 20, p. 225-248.

On June 2, 2011, the State of Nevada Department of Employment, Training, and Rehabilitation, Employment Security Division ("DETR") filed a claim. Verified Claim of Interest in Property, ECF No. 9.

On June 21, 2012, the United States filed a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to State of Nevada DETR, and Order (ECF No. 23), regarding the

1  $43,473.41 in United States Currency.  State of Nevada DETR waived, among other things, service
2  of process. Settlement Agreement, ECF No. 23.
3      On June 26, 2012, the Court entered the Order granting the Settlement Agreement, Stipulation
4  for Entry of Judgment of Forfeiture as to State of Nevada DETR. Order, ECF No. 24.
5      No other person or entity has filed a claim, answer, or responsive pleading within the time
6  permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).
7      On June 26, 2012, the United States filed a Request for Entry of Default (ECF No. 25) against
8  the defendant property and all persons or entities who claim an interest in the defendant property in
9  the above-entitled action.
10     On June 27, 2012, the Clerk of the Court entered a Default (ECF No. 26) against the defendant
11 property, Samantha Carrillo, Efrain Garcia, Eloy Garcia, Eloy Garcia-Macias, Francisco Garcia, Nabor
12 Garcia, Ramiro Garcia, Yolanda Garcia, Paola Moreno, and all other persons or entities having an
13 interest in the defendant property.
14     Samantha Carrillo is not in the military service within the purview of the Servicemen's Civil
15 Relief Act of 2003.
16     Efrain Garcia is not in the military service within the purview of the Servicemen's Civil Relief
17 Act of 2003.
18     Eloy Garcia is not in the military service within the purview of the Servicemen's Civil Relief
19 Act of 2003.
20     Eloy Garcia-Macias is not in the military service within the purview of the Servicemen's Civil
21 Relief Act of 2003.
22     Francisco Garcia is not in the military service within the purview of the Servicemen's Civil
23 Relief Act of 2003.
24     Nabor Garcia is not in the military service within the purview of the Servicemen's Civil Relief
25 Act of 2003.
26 . . .

1   Ramiro Garcia is not in the military service within the purview of the Servicemen's Civil Relief
2   Act of 2003.
3   Yolanda Garcia is not in the military service within the purview of the Servicemen's Civil
4   Relief Act of 2003.
5   Paola Moreno is not in the military service within the purview of the Servicemen's Civil Relief
6   Act of 2003.
7   The allegations of the Complaint are sustained by the evidence and are adopted as findings of
8   fact.  The Court concludes as a matter of law that the United States is entitled to the relief requested
9   in the Complaint.
10   NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that
11   Default Judgment of Forfeiture be entered against the defendant property, Samantha Carrillo, Efrain
12   Garcia, Eloy Garcia, Eloy Garcia-Macias, Francisco Garcia, Nabor Garcia, Ramiro Garcia, Yolanda
13   Garcia, Paola Moreno, and all other persons or entities having an interest in the defendant property.
14   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the
15   same is hereby forfeited to the United States of America, and no right, title, or interest in the property
16   shall exist in any other party.
17   IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable
18   cause for the seizure or arrest of the defendant property.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE

DATED: September 19, 2012